**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Argued January 26, 2021
Decided February 1, 2021

### Before

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

| | |
|---|---|
| No. 20-1805 | Appeal from the United States District Court for the Western District of Wisconsin. |
| LAURA ANN HARRIS-PATTERSON, *Plaintiff-Appellant,* | |
| *v.* | |
| ANDREW M. SAUL, Commissioner of Social Security, *Defendant-Appellee.* | No. 19-cv-487-bbc Barbara B. Crabb, *Judge.* |

### Order

An administrative law judge denied Laura Harris-Patterson's application for disability benefits, and a district judge affirmed that decision. 2020 U.S. Dist. LEXIS 64149 (W.D. Wis. Apr. 13, 2020). On appeal to this court, Harris-Patterson has dropped most of the arguments presented to the ALJ and the district court. She now concentrates on her contention that urinary incontinence would have diverted so much time from each working day that she would have been unable to perform any of the jobs that a vocational expert testified she can perform.

The district court found that substantial evidence supports the ALJ's decision on the incontinence issue. 2020 U.S. Dist. LEXIS 64149 at *13–18. In this court Harris-Patterson emphasizes one argument that the district judge did not mention: she contends that the ALJ made a mistake of fact by finding that Harris-Patterson needed bathroom breaks 10 to 15 times a *calendar* day, when Harris-Patterson testified that she needed 10 to 15 in a *working* day. The latter frequency would have precluded gainful employment, the vocational expert stated.

We may assume that when Harris-Patterson said "day" she meant working day. But the ALJ was not obliged to accept her contention. The record as a whole contains substantial contrary evidence. An ultrasound and a CT scan both revealed no physical abnormalities that could have explained Harris-Patterson's asserted degree of incontinence. She declined to follow some physicians' suggestions of exercises or treatments that could have brought the problem under control. At least four times she told a physician that she did not have any incontinence problem at all. She said this to Dr. Garrett McNulty in January 2015, to Dr. Alan Reinicke in July 2015, to Dr. Reinicke again in February 2018, and to Dr. Jaymin Shah in March 2018. Two months later she testified at the hearing that she needed to be in the bathroom 24 hours a day. When challenged by the ALJ, she conceded that this was an overstatement. Indeed so. In light of the lack of objective medical support for her claim, the fact that she has been inconsistent in what she tells physicians, her failure to follow medical advice, and her exaggeration, the ALJ made it clear that he was giving Harris-Patterson the benefit of the doubt by treating her as needing 10 to 15 bathroom breaks in a 24-hour period.

We examine the record and the ALJ's decision as a whole. Harris-Patterson's request to treat the meaning of "day" as a mistake of fact that requires the entire administrative process to start anew does not carry the day. We agree with the district judge that substantial evidence supports the agency's decision.

Harris-Patterson's other arguments are well covered by the district court's opinion and do not need separate treatment here.

AFFIRMED